```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRUSTEES OF THE SHEET METAL WORKERS
LOCAL UNION NO. 28 BENEFIT FUND,

                        Plaintiffs,                          REPORT AND
        -against-                                            RECOMMENDATION
                                                             CV 10-392 (ADS)(ARL)
K & K CONSTRUCTION OF QUEENS COUNTY,
INC.,

                        Defendant.
------------------------------------------------------------X
```
**LINDSAY, Magistrate Judge:**

This matter has been referred to the undersigned by District Judge Spatt for the purpose of issuing a report and recommendation as to the damages to be awarded to the plaintiffs. On July 6, 2010, the plaintiffs, the Trustees of the Sheet Metal Workers Local Union No. 28 Benefit Fund ("the Fund"), moved for a default judgment against the defendant K & K Construction of Queens County, Inc. ("K & K"). On July 12, 2010, the Clerk of the Court entered a notation of default in this matter and, on March 28, 2011, Judge Spatt entered a default judgment against the defendant. By order dated March 30, 2011, the undersigned directed the plaintiffs to file papers in support of their damages, which they did.

Based on the evidence submitted, the undersigned recommends that damages be awarded in the amount of $154,550.12, comprising of $104,427.61 in unpaid fringe benefit contributions, $49,772.51 in interest, and $350 in costs.

## DISCUSSION

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L.*

*Realty Corp.,* 973 F.2d 155, 158 (2d Cir.), *cert. denied,* 506 U.S. 1080 (1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)(citations omitted). Here, the documentary evidence submitted by the plaintiffs provide the basis for an award. *See Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991).

The Fund's Claim for Damages

The defendant was a signatory to the Agreement between the Sheet Metal Workers' International Association Local Union No. 28 and Sheet Metal & Air Conditioning Contractors Association of New York City, Inc. and SMACNA of Long Island, Inc. and Those Employers who Subscribe Thereto effective August 1, 2005 to July 31, 2009. *See* Camisa Aff., Ex. A. The complaint alleges that the defendant failed to make timely payments to the plaintiffs pursuant to that Agreement from August 22, 2007 through June 10, 2009 and June 17, 2009 to January 21, 2010, the date of the complaint. *See* Complaint ¶¶ 10, 16, 26. In his affidavit, the Administrator of the Fund, clarifies that the defendant failed to make necessary contributions for the period week ending August 22, 2007 to August 26, 2009.[1] *See* Camisa Aff. at ¶4. According to the

---

[1] Although the time period included in the complaint ran through January 21, 2010, and the initial papers submitted by counsel sought an award for unpaid contribution through March 31, 2010 in the proposed default judgment and May 19, 2010 in counsel's affidavit, the Administrator has now determined that the defendant ceased work after August 26, 2009. *See* Camisa Aff. at ¶6.

remittance reports submitted for that period of time, $107,036.62 is due and owing. *See* Camisa Aff. at ¶¶ 5-6., Ex. B, C, and D. Although the documentation supports the fact that contributions were not made through August 2009, the Agreement provided to the court by the plaintiffs is only effective to July 31, 2009. Thus, the undersigned has subtracted the unpaid contributions for the month of August 2009, and recommends that the plaintiffs be awarded delinquent contributions in the amount of $104,427.61. *See* 29 U.S.C. § 1132(g)(2).

ERISA section 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B), mandates an award of interest on unpaid contributions. Here, the plaintiffs have based their interest calculations on Article Twelve, Section 15 of the Agreement, which provides that "[a]ll delinquent contributions shall bear interest of two percent (2%) per month, twenty-four percent (24%) annually. . . Interest shall run from the end of the [five day] grace period." Based on this provision, the plaintiffs seek $50,294.29 in interest. Once again, the request amount includes interest for the month of August 2009, which can not be awarded. Accordingly, the undersigned recommends that the plaintiffs be awarded interest in the amount of $49,772.51.[2]

Attorneys' Fees and Costs

In her affidavit, counsel for the plaintiffs also seeks an award of $600 for reasonable attorneys' fees, $425 for disbursements, and $250 for costs. The Fund is entitled to reasonable attorneys' fees pursuant to the Agreement and 29 U.S.C. §1132(g)(1). In fact, 29 U.S.C. §1132(g)(2) "mandates the granting of reasonable attorneys' fees and costs in ERISA matters brought by fiduciaries to enforce the terms of the [collective bargaining agreement]." *Local 348 Health & Welfare Fund v. Milmar Food Group, L.L.C.,* 2006 U.S. Dist. LEXIS 19756 * 14 (E.D.N.Y March 24, 2006)(adopted on April 19, 2006 (ARR)). However, the party seeking

---

[2]The plaintiff does not seek an award of liquidated damages.

reimbursement still bears the burden of proving the reasonableness and necessity of hours spent and rates charged. *See generally, New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983). To this end, a fee application must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates. *Id.* at 1147–48. In support of the request for attorneys' fees, the Fund has submitted the un-notarized affidavit of Sylvie Straus-Figuerosa to which she attaches an "itemized statement of attorney time expended." There is nothing to suggest that this statement is a contemporaneous time record. Based on the Second Circuits decision in *New York State Ass'n for Retarded Children, Inc. v. Carey,* the court must, therefore, deny the Fund's request for an award of attorneys' fees based on their failure to properly document the application. *Id.* ("any attorney -- whether a private practitioner or an employee of a nonprofit law office – who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records."). In addition, the Fund has not provided any documentation to support their request for disbursements or costs. Nonetheless, the court will take judicial notice of the court's filing fee and recommend an award of $350.00 in costs.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiffs shall serve a copy of it on the defendants upon receipt and shall file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900,

902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      May 11, 2011

                                                    /s/
                                    ARLENE R. LINDSAY
                                    United States Magistrate Judge